# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FRED PERRY,

              Plaintiff,

      vs.                                    **Case No. 06-C-0101**

CITY OF MILWAUKEE,
ANTONIO PEREZ,
LOU WILLIAMS,
and HEIDI SCHULTZ,

              Defendants.

## DECISION AND ORDER

On May 26, 2006, the Court issued a decision and order regarding *pro se* plaintiff Fred L. Perry's ("Perry") request for leave to proceed *in forma pauperis* in this action. (A copy of the Court's May 26, 2006, Decision and Order is attached.) Because Perry named the Rent Assistance Program ("RAP") as a defendant, which is not a suable entity under Wisconsin law, and should have named the City of Milwaukee ("Milwaukee"), which is a suable entity under Wisconsin law, the Court allowed Perry leave to file an amended complaint. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 556-57 (7th Cir. 1996).

Perry has submitted a timely amended complaint naming Milwaukee as a defendant, in lieu of the RAP. In its May 26, 2006, decision and order, the Court found that Perry was unable to pay the costs of commencing this action. Based on Perry's amendment of the

complaint and the Court's May 26, 2006, discussion of the arguable claims stated by Perry, Perry will be allowed to proceed against Milwaukee on his claim for judicial review of the administrative decision denying him benefits under Section 8 of the Housing Act of 1937 ("Section 8"), 42 U.S.C. § 1437f. Perry will also be allowed to proceed on his claim under 42 U.S.C. § 1983 that the defendants Milwaukee, Antonio Perez ("Perez"), Lou Williams ("Williams") and Heidi Schultz ("Schultz") (collectively "the Defendants") violated his Fourteenth Amendment right to procedural due process.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Perry's request for leave to proceed *in forma pauperis* in this action is **GRANTED** as follows. Perry will be allowed to proceed against Milwaukee on his claim for judicial review of the administrative decision denying him Section 8 benefits and on his § 1983 Fourteenth Amendment procedural due process claim against the Defendants.

The United States Marshal shall **SERVE** a copy of the amended complaint, the summons, and this decision and order upon the Defendants pursuant to Fed. R. Civ. P. 4.

Perry is notified that, from now on, he is required, under Fed. R. Civ. P. Rule 5(a), to send a copy of every paper or document filed with the Court to the opposing party or its attorney(s). Perry should also retain a personal copy of each document. If Perry does not have access to a photocopy machine, he may send out

-2-

identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the Defendants or to their attorney(s).

Perry is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 9th day of June, 2006.

**BY THE COURT**


**s/ Rudolph T. Randa**
**Hon. Rudolph T. Randa**
**Chief Judge**