UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRED PERRY,

    Plaintiff,

v.                                                   Case No. 06-C-101

CITY OF MILWAUKEE HOUSING AUTHORITY,
ANTONIO PEREZ, LOU WILLIAMS,
AND HEIDI SCHULTZ,

    Defendants.

**ORDER**

       This action was commenced on January 23, 2006, when the plaintiff, Fred Perry ("Perry"), filed a complaint and a motion for leave to proceed in forma pauperis. On May 26, 2006, the judge to whom the case was originally assigned, Chief Judge Rudolph T. Randa, issued an order holding in abeyance any ruling on Perry's motion to proceed in forma pauperis, pending Perry's filing an amended complaint, substituting the City of Milwaukee as a defendant for The Rent Assistance Program, which program Perry originally named as a defendant. Thereafter, on June 7, 2006, Perry filed an amended complaint, naming the City of Milwaukee Housing Authority ("the City" or "Milwaukee"), Antonio Perez ("Perez"), Lou Williams ("Williams"), and Heidi Schultz ("Schultz") as defendants.

       On June 9, 2006, Chief Judge Randa issued an order granting Perry's request for leave to proceed in forma pauperis. Specifically, Chief Judge Randa ruled that

> Perry will be allowed to proceed against Milwaukee on his claim for judicial review of the administrative decision denying him benefits under Section 8 of the Housing

Act of 1937 ("Section 8"), 42 U.S.C. § 1437f. Perry will also be allowed to proceed on his claim under 42 U.S.C. § 1983 that the defendants Milwaukee, Antonio Perez ("Perez"), Lou Williams ("Williams"), and Heidi Schultz ("Schultz") (collectively "the Defendants") violated his Fourteenth Amendment right to procedural due process.

Subsequently, the parties consented to magistrate judge jurisdiction and the case was reassigned to this court. At its heart, Perry's complaint is predicated on Perry's denial of housing benefits under Section 8 of the Housing Act of 1937, 42 U.S.C. § 1437f, based on Perry's November 2, 2003 arrest for domestic battery and his June 20, 2004 arrest for domestic battery. Currently before the court is the defendants' motion for summary judgment. One of the defendants' arguments in support of their motion for summary judgment is that the City of Milwaukee, Schultz, and Perez were never properly served with process in this action, and thus, the court does not have personal jurisdiction over such defendants.

In accordance with Civil Local Rule 56.2(a) (E.D. Wis.), the defendants submitted a set of proposed findings of fact along with their summary judgment papers. Pursuant to Civil Local Rule 56.1, the defendants' summary judgment papers also included a notice to Perry indicating that any assertion of fact set forth in the defendants' proposed findings of fact would be accepted as true unless Perry submitted his own affidavit or other documentary evidence contradicting such factual assertions. However, Perry's written submission in opposition to the defendants' motion did not include responses to the defendants' proposed findings of fact, as required under Civ. L.R. 56.2(b). Thus, in accordance with Civil L.R. 56.2(e), "the Court must conclude that there is no genuine material issued as to any proposed finding of fact" set out by the defendants. The facts set out by the defendants in their proposed findings of fact regarding service of process are as follows.

Williams returned a completed waiver of service of summons. (DPFOF ¶ 20.) Schultz and Antonio Perez did not waive service of process. (DPFOF ¶ 21.) No return of service or other proof of service, showing service on the City of Milwaukee, Heidi Schultz, and Antonio Perez, has been filed in this action. (DPFOF ¶ 22.) In the defendants' Rule 26 disclosure, filed September 12, 2006, the defendants once again raised lack of proper service. (DPFOF ¶ 23.) Under correspondence dated October 27, 2006, defense counsel advised the plaintiff that the failure of service on the City of Milwaukee, Heidi Schultz, and Antonio Perez required those parties' dismissal. (DPFOF ¶ 24.)

A review of the docket in this action reveals that Perry has not filed a return of service for the City of Milwaukee. Nor has Perry filed either a return of service or a waiver of service for Schultz and Perez. However, because Perry is proceeding in forma pauperis in this action, *he* was not required to do so. Indeed, in his June 9, 2006 order granting Perry's request for leave to proceed in forma pauperis, Chief Judge Randa ordered the United States Marshal to serve a copy of the amended complaint, the summons, and a copy of the June 9, 2006 decision and order upon the defendants pursuant to Federal Rule of Civil Procedure 4. Thus, the United States Marshal was required to either obtain a waiver of service from the defendants or to effect service of process upon the defendants if no waiver of service was returned. And, at least typically, after the United States Marshal either obtains a waiver of service or effects service, either the waiver of service or a return of service is filed and docketed. In this case, however, neither a waiver of service nor a return of service was docketed or filed for any of the defendants.

Thus, in order to determine whether the defendants were in fact ever properly served in this case, the court contacted the United States Marshal's Service. In its files, the Marshal's Service had a document entitled "Process Receipt and Return" for each defendant, indicating that service was

3

effected upon each defendant on July 31, 2006 at 4:25 p.m. According to the Process Receipt and Returns, the name and title of the individual who accepted service on behalf of each defendant was Maria Nieves, a receptionist for the City of Milwaukee Housing Authority. Typically, after the Marshal's Service effects service of process, a copy of the Process Receipt and Return is sent to the Clerk of Courts Office to be docketed and filed. However, as aforementioned, the Process Receipt and Return was not docketed and filed promptly in this case. That said, on March 30, 2007, a Process Receipt and Return for each defendant was filed indicating that service of process was made on each defendant within 120 days after the filing of the amended complaint in this action.[1] Furthermore, typically, after the Marshal's Service effects service of process, a "Return of Service" is also filed, indicating that service of the summons and complaint was made. However, the Marshal's Service was not able to provide a "Return of Service," for any of the four defendants. Nor was the Marshal's Service able to provide the court with copies of two of the summons which were apparently issued for the defendants in this action.[2]

On April 3, 2007, the defendants filed a letter in response to the filing of the "Process Return and Receipts" which were filed on March 30, 2007. In their April 3, 2007 letter, the defendants

---

[1] The defendants assert that Williams waived service of process and provided that waiver to the plaintiff under correspondence dated July 13, 2006. While the defendants have attached a copy of the cover letter as an exhibit, they have not attached a copy of the waiver of service as an exhibit. (Monson Aff., Ex. 3.) Furthermore, it is unclear why the defendants returned the waiver of service to the plaintiff, when the request for waiver of service package sent by the United States Marshal's Service includes an envelope indicating that the waiver of service should be returned to the United States Marshal's Service. That said, the end result is that because the waiver of service for Williams was apparently sent to the plaintiff, rather than the Marshal's Service, such waiver was never filed or docketed in this action. Nor was it the plaintiff's responsibility to do so.

[2] Copies of the summonses issued to the City of Milwaukee Housing Authority and Heidi Schultz were obtained from the U.S. Marshal's Service and, along with the "Process Receipt and Returns," were filed on March 30, 2007.

4

assert that "even if service were accomplished as indicated, the defendants believe that service is deficient and that [their] arguments regarding lack of personal jurisdiction remain valid."

Simply put, I am unsure as to whether proper service was made upon all of the defendants in this action. However, given that it was not the plaintiff's responsibility to ensure that proper service was effected because he is proceeding in forma pauperis, I am persuaded that good cause exists for the court to grant an extension of time for the plaintiff to effect service of process on the defendants. However, given that summary judgment briefs have already been filed, and such briefs also address the merits of this case, I will give the defendants an opportunity to waive any personal jurisdiction objections they may have prior to granting an extension of time pursuant to Rule 4(m) and ordering the U.S. Marshal to serve the defendants once again.

Thus, <u>on or before April 16, 2007</u>, the defendants are ordered to file a letter indicating whether they waive any objections to personal jurisdiction in this action. If the defendants do wish to waive any personal jurisdiction objections, then the court will proceed to the merits based upon the summary judgment briefs already filed by both parties. If the defendants do not wish to waive their objections to personal jurisdiction, then the court will extend the time for service on the defendants pursuant to Rule 4(m), order the U.S. Marshal's Service to properly serve the defendants, and deny the defendants' motion for summary judgment without prejudice.

**SO ORDERED** this <u>5th</u> day of April 2007, at Milwaukee, Wisconsin.

<u>/s/ William E. Callahan, Jr.</u>
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge
